UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CR439-2 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| LOUIS AMIR, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant Daphne Stokes for a separate trial. (Doc. No. 83.) The government opposes the motion. (Doc. No. 92.) The Court afforded the parties an opportunity to argue the motion at a hearing on August 17, 2011, but each party declined, choosing to rest on their respective briefs. For the reasons set forth below, as well as the reasons announced on the record at the hearing, the Court DENIES the motion.

**Background**

Defendant Stokes is one of three defendants charged in a 29-count indictment charging conspiracy, wire fraud, perjury, false declarations in bankruptcy, theft of government funds, and false statements. The charges arise out of a series of financial transactions, taking place between October 2006 and February 2007, involving property in Cuyahoga County, Ohio.

On October 20, 2010, defendant Stokes and co-defendants Deidre Ferguson and Louis Amir entered counseled pleas of "not guilty" to the charges in the indictment. After a series of continuances, the Court scheduled the matter for a joint jury trial to begin September 6, 2011.

Defendant Stokes now moves, pursuant to Fed. R. Crim. P. 14(a), to be severed from her two co-defendants[1] (specifically Louis Amir), maintaining that if compelled to defend herself along side of Amir, she will not receive a fair trial. In support of her motion, defendant Stokes cites Amir's courtroom "antics," and suggests that a jury would hold such conduct against anyone tried with Amir.

**Law on Joinder/Severance**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "In turn, Rule 14(a) permits a district court to grant a severance if joinder 'appears to prejudice a defendant or the government.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting Fed. R. Crim. P. 14(a)). A decision to grant or deny a motion to sever is left to the discretion of the trial court. *See United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002); *United States v. Anderson*, 89 F.3d 1306, 1312 (6th Cir. 1996).

"As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that

---

[1] Since the subject motion was filed, defendant Ferguson has pleaded guilty and, therefore, will not be proceeding to trial.

allows for the economy of a single trial.'" *Lopez*, 309 F.3d at 971 (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). *See United States v. Horton,* 847 F.2d 313, 317 (6th Cir. 1988) (internal citations omitted) ("There is a strong policy in favor of joint trials when charges will be proved by the same series of acts […] and there is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly.") "Once defendants have been properly joined under Federal Rule of Criminal Procedure 8(b), a 'strong showing of prejudice' is required to justify severance." *United States v. Hessling*, 845 F.2d 617, 619 (6th Cir. 1988) (quoting *United States v. Reed*, 647 F.2d 678, 689 (6th Cir.), *cert. denied*, 454 U.S. 837 (1981); *see also United States v. Scaife*, 749 F.2d 338, 344 (6th Cir. 1984) (showing of prejudice must be made by demonstrating that the jury will be unable to separate and treat distinctively evidence that is relevant to each particular defendant on trial)). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see Driver,* 535 F.3d at 427*; United States v. Kincaide*, 145 F.3d 771, 780 (6th Cir. 1998).

"Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *Driver*, 535 F.3d at 427 (quoting *Zafiro*, 506 U.S. at 539); *see United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007); *see, e.g., United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009) (limiting instruction that each charge against each defendant was to be considered separately was sufficient to cure any possible prejudice from joint trial); *Kincaide,* 145

F.3d at 781 (limiting instruction that jury was not to consider a co-defendant's outburst in making a decision as to the guilt or innocence of any defendant at trial was sufficient to cure prejudice from outburst).

Moreover, "[t]he fact that a defendant may have a better chance of acquittal if his trial were severed does not require the judge to grant his motion [to sever]: the defendant must show 'substantial,' 'undue' or 'compelling' prejudice.'" *United States v. DeFranco*, 30 F.3d 664, 669-70 (6th Cir. 1994); *see Stanford v. Parker*, 266 F.3d 442, 458 (6th Cir. 2001). Nor does he have a right to severance merely because his defense is antagonistic to that of his co-defendants. *Zafiro*, 506 U.S. 538; *Stanford,* 266 F.3d at 458. Furthermore, a spillover of evidence from one case to another generally does not require severance. *Anderson*, 89 F.3d at 1312; *see Lopez*, 309 F.3d at 971. In fact, "a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him." *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987); *see Driver*, 535 F.3d at 427.

**Analysis**

Defendant Stokes, along with defendant Amir (and defendant Deidre Ferguson), was indicted on October 14, 2010. All three defendants were charged in the same conspiracy (Count 1) and wire fraud (Counts 2-7). In addition, defendant Stokes was charged, along with Amir, with three counts of money laundering (Counts 8-9 and 17). Defendant Ferguson was charged, along with Amir, on two other counts of money laundering (Counts 12-13), and defendant Amir was charged solely on 8 additional counts of money laundering. (Counts 10-11, 14-16, and 18-20.) In addition, defendant Amir was charged separately with perjury in connection with his testimony in a

4

bankruptcy proceeding (Count 21), and defendant Stokes was charged with making false declarations in bankruptcy (Counts 22-24), with theft of government funds (Count 25), with making false statements (Counts 26-28), and with misuse of a social security number (Count 29).

Since all three defendants were charged with conspiracy, and the remaining charges appear to arise out of the same series of acts or transactions, defendant Stokes was properly joined with her co-defendants. *See United States v. Fernandez,* 559 F.3d 303, 317 (5th Cir. 2009) (citing *Zafiro* and noting the general rule that co-conspirators should be tried together); *United States v. Hereford,* 162 Fed Appx. 439, 444 (6th Cir. 2006); *United States v. Rittweger*, 524 F.3d 171, 174 (2d Cir. 2008) (a joint trial of co-conspirators was proper under Rule 8 and preferable to separate trials). Further, the fact that each defendant is charged in certain counts to which other defendants may not be charged is not fatal to joinder. *See Fed. R. Crim. P. 8(b); United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (joinder of codefendants charged with extortion conspiracy proper because they operated as partners and, even though each did not participate in all criminal acts at issue, it was sufficient that they collaborated in at least one); *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (joinder of drug conspiracy codefendants proper, despite one defendant having engaged in drug transactions with lesser quantities than codefendants, because all involved in same drug network); *United States v. Liveoak*, 377 F.3d 859, 865 (8th Cir. 2004) (joinder proper, though not all defendants charged with all counts, because counts were linked by common conspiracy members and by common overall scheme to charge government fraudulently for health care expenses). Additionally, the government represents that if it is required to conduct

5

two separate trials, it will have to present the same witnesses and same documentary evidence at both trials. Such factors weighing in favor of joinder, *see Lopez*, 309 F.3d at 971, defendant Stokes must overcome the strong presumption that joinder of defendants is appropriate in this case by demonstrating substantial prejudice. *See Horton*, 847 F.2d at 317; *Hessling*, 845 F.2d at 619.

Defendant Stokes suggests that she merely served as a secretary for one of defendant Amir's businesses.[2] Nonetheless, the focus of her motion to sever appears to be the fact that co-defendant Louis Amir will be representing himself at trial, and not that her culpability is less than that of defendant Amir. Citing defendant Amir's behavior at numerous pre-trial hearings and conferences, which has included defendant Amir's refusal to acknowledge the proceedings or answer questions posed by the Court, Stokes insists that defendant Amir's bizarre behavior will negatively affect her right to a fair and impartial jury. In addition, defendant Stokes directs the Court's attention to defendant Amir's numerous filings that either seek to deny the Court's orders or challenge the Court's jurisdiction over him as a "natural man," and notes that such "antics," if repeated, will "have a strong probability of creating a circus atmosphere at trial." (Doc. No. 83 at 3.)

The court was faced with a similar situation in *Kincaide*. There, a self-

---

[2]It is true that there can be a heightened risk of prejudice when a case is complex and there are "markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539. Of course, "'a simple disparity in the evidence will not suffice to support a motion for severance.'" *United States v. Benable*, 2011 U.S. App. LEXIS 17335, at *12 (7th Cir. Aug. 18, 2011) (quoting *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990)). By merely labeling herself as the "secretary," defendant Stokes has come up far short of demonstrating the type of substantial or compelling prejudice that could not be cured by carefully crafted limiting instructions. *See, e.g., United States v. Polk*, 1999 U.S. App. LEXIS 11414 (6th Cir. June 2, 1999) (denial of severance not error, despite differing degrees of culpability, where proper cautionary instructions given, all defendants charged in same conspiracy, and much of the evidence was applicable to all).

represented criminal defendant had attempted to raise irrelevant and highly prejudicial evidence, and had engaged in several outburst, at least one occurring in the presence of the jury. Ultimately, the trial court was forced to remove the *pro se* defendant from the courtroom. On appeal, the Sixth Circuit observed that, "[a]s a general rule, a cautionary instruction advising the jury not to allow a disruptive co-defendant's behavior to [have an] impact [on] the decision regarding the other defendants affords sufficient protection against undue prejudice." *Kincaide*, 145 F.3d at 781 (quoting *United States v. Koskela*, 86 F.3d 122, 125 (8th Cir. 1996)). Ultimately, the court found that the trial court's instruction to the jury explaining that the *pro se* defendant would be watching the remainder of the proceedings from a different room via simultaneous broadcast, and that "anything that you have heard or any of this action must not be considered by you in any way in making your decision of the guilt or innocence of any one of the three defendants" was sufficient to cure any prejudice resulting from this defendant's actions. *Id*. *See also Lopez*, 309 F.3d at 971-72 (refusal to grant severance where self-represented defendant's interruptions to request medication and attempts to testify as to his own innocence during the cross-examination of other witnesses did not amount to plain error). Defendant Stokes has failed to demonstrate how a similar limiting instruction would not be sufficient to cure any possible prejudice from defendant Amir's anticipated "antics."

Further, defendant Amir has indicated on the record that he does not intend to participate in trial proceedings. Thus, the concerns raised by defendant Stokes are unlikely to arise. In any event, even if defendant Amir does participate, the Court's ruling on the government's motion *in limine*, filed contemporaneously with this Opinion and Order, will serve to limit the opportunity for defendant Amir to disrupt the

proceedings. By restricting him from offering evidence as to his status as a "natural person" and from challenging the Court's jurisdiction with his baseless ideological beliefs, there will be fewer changes for defendant Amir to prejudice the jury.[3]

**Conclusion**

Because defendant Stokes was properly joined with defendants Amir and Ferguson, much of the evidence offered at trial against the two remaining defendants will be the same, and less drastic measures, such as limiting instructions, should be sufficient to protect against any possible prejudice from a joint trial involving Amir and Stokes, defendant Stokes's motion to sever is DENIED.

**IT IS SO ORDERED**.

Dated: August 31, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Defendant Stokes relies on two decisions in support of her position, but neither case is applicable. In *United States v. Bova*, 493 F.2d 33 (5th Cir. 1974), *disapproved by and overruled by, United States v. Lane*, 474 U.S. 438, 446 (1986) (reversing *Bova's* holding that misjoinder is always reversible error, and, instead, holding that misjoinder was subject to the harmless error standard), a non-conspiracy case where defendants were charged jointly for one drug transaction and the co-defendant was also charged in a separate (and unrelated) drug transaction, the Fifth Circuit found that the trial court erred in denying a motion to sever because the co-defendants were actually *misjoined*. In reaching this conclusion, the court noted that "there was no allegation, either in the indictment or, so far as appears from the record, in pretrial proceedings indicating any involvement in or relationship to the September 8th sale of heroin by Bova." *Id.* at 37. Similarly, in *King v. United States*, 355 F.2d 700, 704 (1st Cir. 1966), the court found that separate drug deals, involving separate defendants, should not have been joined for trial. (Again, the defendants were charged in connection with one common drug transaction and the co-defendant was also charged with two separate transactions). Both cases involved *misjoinder*, and not the question presented here of whether properly joined defendants should nonetheless be severed under Rule 14(a).