UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CR439 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| LOUIS AMIR, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the government's motion *in limine*. (Doc. No. 88.) None of the defendants[1] filed a written response. The Court conducted hearings on the motion on August 17, 2011 and August 29, 2011. For the reasons set forth below, the government's *in limine* motion is granted.

*Background*

The defendants are charged in a 29-count indictment, which contains charges of conspiracy, wire fraud, perjury, false declarations in bankruptcy, theft of government funds, and false statements. The charges arise out of a series of financial transactions, taking place between October 2006 and February 2007, involving property in Cuyahoga County, Ohio. The matter is presently scheduled for a trial that is set to begin September 6, 2011.

---

[1] On August 25, 2011, defendant Deirdre Ferguson entered a plea of guilty to Counts 1 and 12 of the indictment and, therefore, will not be proceeding to trial.

In prior rulings, the Court has rejected numerous arguments raised by defendant Amir, including his challenges to his pretrial detainment, the Court's jurisdiction over him, the authenticity of the signatures of the grand jury foreperson and the United States Attorney, and the Speedy Trial Act. In a contemporaneously filed Opinion and Order, the Court also denied defendant Stokes's motion for a severance.

The government moves *in limine*: to preclude the defendants from admitting self-serving out of court statements; to preclude defendant Amir from offering evidence of pretrial detention or likely sentence; to preclude Amir from offering testimony as to his "sovereign citizen ideology;" and to permit the government to introduce co-conspirator statements.

*Legal Standards*

**Motion in Limine Standard**

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

Courts should exclude evidence on a motion in limine only when it is clearly inadmissible. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court is unable to determine whether or not certain evidence is clearly

2

inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*. Ultimately, the determination whether to grant or deny a motion in limine is within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *United States v. Certain Lands Situated in the City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982)). In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

### Federal Rules of Evidence

All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The relevancy standard is liberal. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). However, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence." Fed. R. Evid. 403.

*Analysis*

1. **Out-of-Court Statements**

While Rule 801(d)(2) permits the introduction of a defendant's statements as non-hearsay admissions of a party opponent, "[t]he rules [of evidence] do not […] provide an exception for self-serving, exculpatory statements made by a party which are

being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (emphasis in original) ("Rule 802(d)(2) […] does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.") Further, while an admission need not have been against the party's interest at the time it was made, *see United States v. Rios Ruiz*, 579 F.2d 670, 676 (1st Cir. 1978) (quoting 4 Weinstein's Evidence § 801(d)(2)), "[a]n admission must be contrary to a party's position at trial." *Auto-Owners Insurance Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir. 1981) ("An admission must be offered against a party, not for him.") Because it would amount to inadmissible hearsay, not permitted by any exception to the hearsay rule, the defendants will not be permitted to offer self-serving out of court statements at trial.

  **2.**   **Pretrial Detention and Likely Sentence if Convicted**

  Evidence of defendant Amir's pretrial detention, or evidence of the possible sentences available if the jury return's guilty verdicts, would not be relevant at trial. "Information regarding the consequences of a verdict is [] irrelevant to the jury's task" to "find the facts and decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Indeed, the Sixth Circuit pattern jury instructions warn juries not to "even consider the possible punishment in deciding [their] verdict." (Sixth Circuit Pattern Criminal Instruction, 8.05.)

  Likewise, defendant Amir's beliefs regarding his citizenship are not relevant. The Court has already determined, on numerous occasions, that it has jurisdiction over these proceedings and over the person of Louis Amir. "Subject matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions

under the United States Code." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005). Further, "[t]he Court decides issues of subject matter jurisdiction." *Smith v. United States*, 2009 U.S. Dist. LEXIS 65723, at *5 (Md. Dist. Fla. July 22, 2009) (citing *United States v. Tinoco*, 304 F.3d 1088, 1111 n.22 (11th Cir. 2002)). Moreover, "[p]ersonal jurisdiction is supplied by the fact that [defendant Amir] is within the territory of the United States." *Burke*, 425 F.3d at 408. Having previously determined these issues, as a matter of law, it would be inappropriate to permit defendant Amir to offer evidence of his views on citizenship at trial, as it would only tend to confuse the jury. In addition, the Court will preclude defendants from offering testimony as to any of the Court's prior rulings in this case.

  **3.**  **Co-Conspirator Statements**

    Finally, the government represents that, in the event that a defendant pleads guilty and agrees to cooperate, it would plan to offer evidence as to statements made by the defendants as they allegedly conspired and engaged in their fraudulent schemes. Rule 801(d)(2)(E) of the Federal Rules of Evidence permits the admission of statements made by co-conspirators provided the government can show by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the statement is offered was a member of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). Upon a proper proffer, the government will be permitted to offer statements that meet the requirements under Rule 801(d)(2)(E).

*Conclusion*

    For all of the foregoing reasons, the Court grants the government's motion

*in limine in toto.*

    **IT IS SO ORDERED**.

Dated: August 31, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**